IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KIMBERLY-CLARK WORLDWIDE, INC. :
and KIMBERLY-CLARK GLOBAL :
SALES, LLC, :
    Plaintiffs, :
:
v. : Civil Action No. 11-1228-RGA
:
CARDINAL HEALTH 200, LLC, :
    Defendant. :

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion to Dismiss Defendant Cardinal Health 200, LLC's Counterclaim Counts Five, Six, Seven, Eight, and Nine (D.I. 17) and related briefing (D.I. 18, 26, 38). The Court **ORDERS** that Plaintiffs' Motion (D.I. 17) is **DENIED** as to Counterclaim Six, **GRANTED** as to Counterclaim Five, which is hereby **DISMISSED WITH PREJUDICE** (but without any impact on the Unclean Hands Affirmative Defense), and **GRANTED** as to Counterclaims Seven, Eight and Nine, which are hereby **DISMISSED WITHOUT PREJUDICE**. Leave to amend within two weeks is **GRANTED.**

The Counterclaims allege unclean hands (Count Five), unfair competition and false advertising under the Lanham Act (Count Six), deceptive trade practices (Count Seven), common law tortious interference with prospective business relations, business opportunities, and expectancy (Count Eight), and common law unfair competition (Count Nine). The Counterclaims share in common a detailed factual description. (D.I. 12, ¶¶ 46-136). The state law counterclaims (Counts Seven to Nine, *id.* at ¶¶ 163-84) are written in the broadest possible terms, and do not allege any particular location where the claims arose, and therefore do not

1

purport to assert violation of a particular state's law. Most of the briefing concerns the viability of the Lanham Act Counterclaim.

Defendant's Counterclaim Five, alleging unclean hands, is redundant of its affirmative defense of unclean hands. (*Id.*, ¶ 36). This sort of duplication has been done before, and there is no apparent prejudice to a party from having duplicative unclean hands claims brought against it. *See, e.g., Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F.Supp.2d 395, 412 (D. Del. 2009). Nevertheless, unclean hands is more in the nature of an affirmative defense than a separate cause of action. *Cf. In re New Valley Corp.*, 181 F.3d 517, 524 (3d Cir. 1999) (discussing it as an equitable defense to particular claims brought by the plaintiff). Indeed, I do not believe it is a "stand-alone" claim. Plaintiffs' Motion is therefore granted as to Counterclaim Five.

Counterclaim Six alleges a Lanham Act violation. The relevant portion of Section 43(a) of the Lanham Act provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any . . . false or misleading description of fact, or false or misleading representation of fact, which—
> . . .
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
> shall be liable in a civil action by any person who believes that he is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

The Third Circuit has held:

In an action under section 43(a), plaintiffs must allege in their complaint all of the following elements:

> 1) that the defendant has made false or misleading statements as to his own product [or another's]; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods travelled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 871-72 (3d Cir. 1992).

As a threshold issue, the parties dispute the pleading standard for the Lanham Act counterclaim (as well as the three state law counterclaims). In order for a Lanham Act counterclaim to survive a motion to dismiss, the defendant must assert enough facts to make its claim plausible; in other words, that it is plausible, from the facts contained in the complaint, that Plaintiffs' statements were, in context, literally false or that they were misleading and that the relevant public was, in fact, misled. *Accenture Global Serv's GMBH v. Guidewire Software Inc.*, 581 F.Supp.2d 654, 666-67 (D. Del. 2008). The claim must include "sufficiently detailed allegations regarding the nature of the alleged falsehood to allow [the counterclaim defendant] to make a proper defense." *Robert Bosch LLC v. Pylon Mfg. Corp.*, 632 F.Supp.2d 362, 365 (D. Del. 2009) (citing *Max Daetwyler Corp. v. Input Graphics, Inc.*, 608 F.Supp. 1549, 1556 (E.D. Pa. 1985)).

Plaintiffs claim Defendant's Lanham Act counterclaim (as well as the three state law counterclaims) suffer from four main problems. Plaintiffs first argue that Defendant's counterclaims fail to state a claim to the extent they are based on alleged "false statements to CH200's customers and prospective customers that the accused products infringe the '134 and '337 patents" because Plaintiffs' statements about Defendant's infringement are protected by litigation immunity. (D.I. 18 at 6-9 (citing *Wilco AG v. Packaging Tech. & Inspection LLC*, 615

3

F.Supp.2d 320, 325 (D. Del. 2009)). Defendant responds that it has alleged Plaintiffs' litigation to be a sham, in part by alleging Defendant does not infringe, so Plaintiffs' statements are not immunized. (D.I. 26 at 6-8). In reply, Plaintiffs argue that Defendant's allegations are too conclusory to sufficiently plead sham litigation, so Plaintiffs' original statements remain immunized. (D.I. 38 at 3-5). The parties seem to share the view that sufficient allegations of sham litigation would destroy litigation immunity and allow Defendant's Lanham Act and business tort counterclaims to survive Plaintiffs' Motion.[1]

Defendant alleges noninfringement fairly specifically. It alleges concrete differences between its product and the patent, finding support in Plaintiffs' statements to the Patent Office during prosecution. Defendant's noninfringement allegations provide the foundation for its related allegations that "no objectively reasonable basis exists" for concluding that Defendant's product infringed, that Plaintiffs "had no subjective good faith belief" of infringement, and that Plaintiffs brought this litigation in bad faith. (D.I. 12, ¶¶ 46-109). They also provide a sufficiently detailed foundation for alleging that Plaintiffs' statements of infringement are false. Whether or not the litigation is a sham is closely connected to the issue of whether there is actual

---

[1] Defendant's cited Delaware cases address the "sham litigation" exception to *Noerr-Pennington* immunity against antitrust claims not at issue here, and the Court notes that "[i]t is not clear whether the Noerr-Pennington doctrine applies to Lanham Act claims" like Counterclaim Six. *See* D.I. 26 at 7 (citing *Shionogi Pharma, Inc. v. Mylan, Inc.*, 2011 WL 3860680 (D. Del. Aug. 31, 2011); *Rochester Drug Co-op v. Braintree Labs.*, 712 F.Supp.2d 308, 316-21 (D. Del. 2010); *In re Metroprolol Succinate Antitrust*, 2010 WL 1485328 (D. Del. Apr. 13, 2010); *Abbott Labs v. Teva Pharms. USA, Inc.*, 432 F.Supp.2d 408, 424-26 (D. Del. 2006)); *IGT v. Bally Gaming Intern. Inc.*, 2010 WL 1727388, *3 n.6 (D. Del. Apr. 28, 2010). *Judkins v. HT Window Fashion Corp.* addresses sham litigation as part of the bad faith element of a Lanham Act claim in the context of a request for an injunction, not immunity supported by sham litigation allegations in the context of a motion to dismiss. 529 F.3d 1334, 1338-41 (Fed.Cir. 2008).

infringement, and therefore is best left for determination on summary judgment or at trial. The briefs do not fully present the applicability of litigation immunity and any sham litigation exception thereto to these counterclaims, so that legal issue is also best left for summary judgment or trial.

Second, Plaintiffs argue that the counterclaims must be dismissed because Plaintiffs' statements about Defendant's infringement, and the statements in the "Customer Letter,"[2] are not literally false. (D.I. 18 at 9-13). The parties do not dispute that there is some factual truth in Plaintiffs' Customer Letter statements about the differences between the parties' products. The issue appears to be whether the statements as presented in the Letter, complete with context, emphasis, and footnotes, were false or sufficiently misleading. (*Id.*; D.I. 26 at 10-13; D.I. 5-6). This too is an issue of fact best left for summary judgment or trial. It cannot be decided on the pleadings.

Third, Plaintiffs argue that the counterclaims must be dismissed to the extent they rely on the alleged oral statements to Defendant's customers because those statements are not alleged with sufficient specificity and were not sufficiently disseminated to constitute commercial advertising or promotion. (D.I. 18 at 13-15). Defendant does not dispute that isolated oral statements would fail to state a Lanham Act claim, but responds that the allegations are sufficient and that the fact that the statements "mirror, in large part, those statements in the Customer Letter" supports an inference of a campaign of public dissemination. (D.I. 26 at 14-15) (quoting Plaintiffs).

---

[2] The Customer Letter is alleged to be a letter distributed in interstate commerce in about January 2012 to the Defendant's "customers and prospective customers." (D.I. 12, ¶¶ 112, 125).

5

The Court agrees that the statements were adequately pled. Defendant pled the circumstances surrounding the Customer Letter and then alleged "representatives of Kimberly-Clark made *further* false and misleading statements," providing the two oral statements as examples. (D.I. 12, ¶¶125-130) (emphasis added). When read in a light favorable to Defendant, as this Court must on Plaintiffs' Motion, these allegations support the inference of a campaign. The extent to which the oral statements were part of a campaign is best addressed on summary judgment or at trial.

Finally, Plaintiffs argue Defendant failed to allege that customers were misled. To allege a Lanham Act claim due to misleading statements, Defendant was "required to allege facts suggesting that the marketplace was *actually* confused or misled, not just that the marketplace *could* have been confused or misled." *Accenture*, 581 F.Supp.2d at 666-67. In response, Defendant points to its general allegations that customers were likely or actually misled, and to their allegations of harm as evidence of misled customers; in each case Defendant alleges Plaintiffs' statements "are likely to mislead and/or actually have misled customers or prospective customers." (D.I. 26 at 15-17; D.I. 12, ¶¶ 117, 124, 132; *see also* ¶¶ 136, 158-59, 162). Defendant also points to law providing that it is not necessary to prove customers were misled when a statement is literally false. (D.I. 26 at 16-17) (citing *Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 92 (3d Cir. 2000)).

As in *Accenture*, Defendant "alleges that [Plaintiffs] communicated these sentiments to one or more of [Defendant's] customers or potential customers . . . . [Defendant] has failed to allege, however, that any of its customers or potential customers actually were misled by these sentiments." 581 F.Supp.2d at 667. But unlike in *Accenture*, the issue of whether the statements

6

are actually false or misleading is not being determined here, so the issue of whether actual deception must be proven cannot be determined here either. *See id.* Defendant has sufficiently alleged actual falsity, stating a complete Lanham Act claim even though it has no factual allegations that any customers have actually been misled.

With regard to Counterclaim Seven, Plaintiffs argue that Defendant's citation of multiple states' deceptive trade practices statutes without subsections (and, in connection with Delaware, only citing to Title 6 of the Delaware Code) fails to give Plaintiffs sufficient notice of the claims against them. Defendant properly notes that the choice of law issues have not yet been resolved. Defendant further notes that choice of law is a legal issue for the Court. If Defendant asserted that every state had the same deceptive trade practices statute and interpreted it the same way, maybe the Defendant could plead the counterclaim the way it did. In the absence of such an assertion, Plaintiffs cannot meaningfully argue that the claims are legally insufficient, and the Court cannot meaningfully review the allegations. For example, Delaware's deceptive trade practices statute has twelve subsections. The counterclaim appears to more-or-less track two of them. I think the Defendant's counterclaim ought to assert, at a minimum, a violation of a particular state's deceptive trade practices act, including allegations of which subsection is violated. If, down the road, discovery (or further reflection) suggests that a different state's law is applicable, the issue can be dealt with then. Plaintiffs' Motion is granted without prejudice with regard to Counterclaim Seven.

Plaintiffs argue that Counterclaims Eight (tortious interference) and Nine (common law unfair competition) should be dismissed because Defendant did not plead with specificity a valid business relationship or expectancy, or the impact of Plaintiffs' alleged interference. Defendant

cites two pre-*Twombly* cases and a third case that only cites one of the pre-*Twombly* cases to argue its allegations that customers were likely and/or actually misled and that Defendant was harmed were sufficient, because it is not required to plead those elements with specificity. (D.I. 26 at 17-18). The post-*Twombly* law Plaintiffs cite, which requires Defendant to identify a valid business relationship or expectancy and how Plaintiffs' statement allegedly interfered, persuades the Court to grant Plaintiffs' Motion with regard to Counterclaims Eight and Nine, which are dismissed without prejudice. *See Wilco AG v. Packaging Techs & Inspection LLC*, 615 F.Supp.2d 320, 323-24, 326 (D. Del. 2009) (applying Delaware law because the counterclaim-plaintiff had asserted that it was pursuing the claims under Delaware law).

Entered this 27th day of July, 2012.

_____
United States District Judge